# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br>  Plaintiff,<br><br>    v.<br><br>HEALTH CARE SERVICE CORPORATION d/b/a BLUECROSS BLUESHIELD OF ILLINOIS; ILLINOIS TOOL WORKS INC.; et al.,<br>  Defendants. | CV 19-04506 DSF (SKx)<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 10) |

  Defendants Health Care Service Corporation and Illinois Tool Works Inc. removed this case based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff California Spine and Neurosurgery Institute move to remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for July 22, 2019 is removed from the Court's calendar.

  Federal courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and the action is between parties who are citizens of different states. 28 U.S.C. §§ 1332, 1441. "[F]ederal removal jurisdiction on the basis of diversity . . . is determined (and must exist) as of the time the complaint is filed

and removal is effected." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). Defendants have the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal jurisdiction. Id. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

Defendants argue remand is improper because the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The amount in controversy is determined by the complaint operative at the time of removal. Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 414-15 (9th Cir. 2018).

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that . . . the jurisdictional threshold [is met]." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). However, when a complaint "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

The face of Plaintiff's original state-court complaint seeks relief in excess of $75,000. Specifically, Plaintiff seeks at least $66,611.85 in connection with its first, second, third, fifth and seventh causes of action. See Dkt. 1-1, Complaint (Compl.), ¶¶ 32, 42, 49, 60, 76, 91. Further, Plaintiff seeks $91,500 in connection with its ninth and tenth causes of action. Id. ¶¶ 105-111, 114-115. Moreover, Plaintiff seeks attorneys' fees, punitive damages, and up to an additional $74,999 in "other relief." Id. ¶ 112; Prayer.

Plaintiff now claims the $91,500 in damages was a typographical error, but such a mistake does not overcome the presumption that the amount-in-controversy requirement is met. See, e.g., Perez v. Hermetic Seal Corp., No. 16-05211-BRO, 2016 WL 5477990, at *2 (C.D. Cal. Sept. 27, 2016). Nor does Plaintiff's First Amended Complaint, which now limits the total amount of relief sought to $66,611.85, deprive the Court of jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938) ("And though . . . the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); Chavez, 888 F.3d at 417.

Defendants next argue that Plaintiff has not shown to a legal certainty that it will not recover in excess of $75,000. Attorneys' fees and punitive damages are included in the amount in controversy for establishing diversity jurisdiction. See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Plaintiff has not rebutted this presumption, nor established that its request for (i) attorneys' fees, (ii) punitive damages, and (iii) "other relief" will not exceed $8,388.15, or $75,000 in the aggregate.

The Court has subject-matter jurisdiction. Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Date: July 16, 2019

_____
Dale S. Fischer
United States District Judge